# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2010

Lyle W. Cayce
Clerk

No. 09-20726
Summary Calendar

DARRALYN C. COUNCIL,

Plaintiff - Appellant

v.

ERIC A. SHINSEKI, Secretary of the United States Department of Veterans
Affairs; ANGELA BISHOP; EDGAR TUCKER; CARLOS ESCOBAR; DONNA
KYLE; GENERAL COUNSEL ERIC SCHWARTZE, III; FRED DOWNS JR.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2719

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Darralyn C. Council has sued various employees of the United States
Department of Veterans Affairs, alleging wrongful termination in violation of
various federal statutes as well as several common law torts. He filed a pro se
motion for a preliminary injunction "enjoining defendants from causing further
harm to the plaintiff," apparently seeking to be reinstated to the job from which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he was terminated, or at least to be paid as if he had not been terminated. The district court denied the motion. Council appeals from the district court's order.

The only issue that is properly before this court on appeal is whether the district court abused its discretion in denying Council's motion for a preliminary injunction. "Four elements are required for the grant of a preliminary injunction. First, the movant must establish a substantial likelihood of success on the merits. Second, there must be a substantial threat of irreparable injury if the injunction is not granted. Third, the threatened injury to the plaintiff must outweigh the threatened injury to the defendant. Fourth, the granting of the preliminary injunction must not disserve the public interest." *Cherokee Pump & Equip. Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). Council has failed to carry his burden of persuasion as to any of these four requirements. In particular, as the district court explained, the temporary loss of income due to an allegedly wrongful termination "does not usually cause irreparable injury," *Sampson v. Murray*, 415 U.S. 61, 90 (1974), because if Council's suit is ultimately successful, he will be able to recover back pay.

The district court's denial of the motion for a preliminary injunction was not an abuse of discretion, and is therefore AFFIRMED.